UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHAEL BAILEY | * | CIVIL ACTION NO. |
| | * | |
| | * | |
| VERSUS | * | |
| | * | JUDGE: |
| LIBERTY MUTUAL FIRE INSURANCE | * | |
| COMPANY, BRANDT INDUSTRIES, INC. | * | MAG: |
| and CHRISTOPHER K. JONES | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### NOTICE OF REMOVAL OF CIVIL ACTION
### UNDER 28 U.S.C. §1441(b) (DIVERSITY JURISDICTION)

**TO THE CLERK OF COURT:**

**PLEASE TAKE NOTICE** that Defendants, Christopher K. Jones and Liberty Mutual Insurance Company, with full reservation of any and all rights, defenses and objections, hereby give notice of the removal to this Court from the State Court Action described below and in support states as follows:

### BACKGROUND

I.

Christopher K. Jones and Liberty Mutual Insurance Company have been named in a civil action commenced on August 10, 2021, in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, entitled *"Michael R. Bailey v. Christopher K. Jones, Brandt Industries, Inc. and Liberty Mutual Insurance Company"* bearing docket number 170520, Division "29."

II.

The United States District Court for the Middle District of Louisiana is the federal judicial district embracing the 19th Judicial District Court for Parish of East Baton Rouge, where the suit was originally filed. Venue, therefore, is proper in this district under 28 U.S.C. §1441(a).

III.

This Court has original jurisdiction pursuant to 28 U.S.C. §1332(a). Removal of this action to this Court is proper pursuant to 28 U.S.C. §1441.

IV.

Defendants are filing herewith as Exhibit "A" the Petition for Damages. Copies of all process, pleadings, notices and orders filed in the state court proceeding are attached hereto as part of Exhibit "A."

V.

Michael Bailey alleges in his Petition for Damages that on or about August 25, 2020, he was operating his 2011 Chevrolet Silverado eastbound on I-10 when Christopher Jones struck the rear of plaintiff's vehicle. Petition, at ¶ 2 and 3.

VI.

Plaintiff asserts that defendant, Christopher Jones, was in the course and scope of his employment with Brandt Industries, Inc.[1], and that they are vicariously liable. Petition, at ¶ 9.

VII.

Plaintiff asserts that Liberty Mutual issued a policy of insurance in favor of Jones and/or Brandt. Petition, at ¶ 10.

---

[1] To date, Brandt Industries, Inc. (a Tennessee Corporation) has not been served.

VIII.

Plaintiff asserts that the accident was caused by the negligence of Christopher Jones. Petition, at ¶ 4.

## DIVERSITY OF CITIZENSHIP

IX.

Pursuant to 28 U.S.C. §1332, this Court has jurisdiction over this matter based upon diversity of citizenship.

X.

As pleaded, Plaintiff is and was a citizen of the State of Louisiana both at the time of filing of this suit and at the time of removal.

XI.

Defendant, Liberty Mutual Insurance Company, is a foreign insurance company, incorporated under the laws of Massachusetts, with its principal place of business in the state of Massachusetts.

XII.

Defendant, Christopher K. Jones, is and was a resident and domiciliary of Texas.

XIII.

Plaintiff is a citizen of Louisiana. Defendants are citizens of Massachusetts and Texas. As such, complete diversity exists.

## AMOUNT IN CONTROVERSY

XIV.

The $75,000.00 amount in controversy requirement of 28 U.S.C. § 1332 is satisfied in this case. Louisiana law prohibits a plaintiff from alleging a specific amount of damages in the

complaint. La. Code Civ. P. art. 893. Because Plaintiff fails to allege a specific amount of damages in the Petition for Damages, the Court must "examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount." *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).

XV.

Plaintiff's Petition for Damages does not set forth that there is a "lack of jurisdiction of federal courts due to insufficiency of damages" as required by LA. CODE CIV. PROC. art. 893(A)(1). Although most Louisiana federal courts have stated that the failure to include an art. 893 allegation, alone, is insufficient to establish the amount in controversy, they have held that the omission is entitled to some consideration in the inquiry. *See*, *e.g.*, *Trahan v. Drury Hotels Co. LLC*, 2011 WL 2470982, *4 (E.D. La. June 20, 2011); *Ford v. State Farm*, 2009 WL 790150, *4 (M.D. La. Mar. 25, 2009); *Broussard v. Multi-Chem Grp., LLC*, 2012 WL 1492855, *2 (W.D. La. Mar. 14, 2012).

XVI.

Defendants first became aware that Plaintiff's alleged damages might exceed $75,000.00 upon receipt of his discovery responses via email on May 25, 2022. *See* Plaintiff's Discovery responses, attached hereto as Exhibit "B." These records show that past medical expenses are $67,239.50. Further, plaintiff's responses indicate the following regarding treatment for his alleged injuries: He has undergone two (2) lumbar Epidural Steroid Injections (ESIs) and a lumbar Medial Branch Block (DMBB) for treatment of his accident-related injuries. He will soon undergo a lumbar Radio frequency Ablation (RFA or nerve denervation). See Answer to Interrogatory No. 23.

XVII.

Following receipt of Plaintiff's discovery responses, Defendants have obtained medical and billing records, which show that medical expenses exceed $80,000 per the attached billing records from Rathmann-Richards Chiropractic Clinic, Ascension Open MRI, Spine Diagnostic & Pain, NovaMed Surgery Center and Baton Rouge Anesthesia. See Exhibit C, *in globo*.

XVIII.

In addition to plaintiff's alleged back injury, he also claims injury to his neck from the subject motor vehicle accident: Respondent continues to experience stiffness in his neck, pain in his mid-back that goes down his left side and pain down his right and left leg (greater on the left) as a result of his accident-related injuries. See Answer to Interrogatory No. 6.

XIX.

The impression from plaintiff's cervical MRI performed at Ascension Open MRI includes, among others, C6-7 broad-based posterior central/left paracentral 5.7 mm subligamentous disc herniation with cranial and caudal migration.

Louisiana courts have found that damages exceeded $75,000 in cases involving injuries such as those with which Plaintiff has been diagnosed.

*Herniated Disc General Damage Awards*

The potential award of general damages where herniated discs are alleged and the plaintiff has not undergone surgery is significant, and courts have found the amount in controversy satisfied where such allegations are made. This Court has denied remand, and found the jurisdictional minimum was satisfied, where the defendants "produced medical evidence in the form of MRIs showing herniated discs in the neck and back" of a plaintiff who claimed damages resulting from

a slip-and-fall and did not have any surgery. See *Reeves v. TPI Restaurants, Inc.*, No. 05-1778, 2007 WL 1308380, at *2 (W.D. La. Apr. 13, 2007) (citing *Fruge v. Hebert Oilfield Constr., Inc.*, 856 So.2d 100 (La. App. 3rd Cir., 2003); *Hoyt v. Grey Ins. Co.*, 809 So.2d 1076 (La. App. 4th Cir., 2002)), report and recommendation adopted, ECF No. 26 (W.D. La. May 3, 2007).

A woman received general damages in the amount of $85,000, past medical expenses in the amount of $21,729.68 and future medical expenses in the amount of $4,541.21 as a result of an auto accident. *Boulanger v. Waters*, 2011 WL 7121541. She suffered personal injuries due to the collision, including injuries to her back, neck, legs, arms, wrists and hands and sought damages for her personal injuries, medical expenses, physical pain and suffering, mental anguish and loss of life enjoyment. *Id.* In *Poirrier v. Stevenson*, 2006 WL 1626634, the plaintiff was awarded $150,000 in damages for injuries he sustained to his back, neck, head, and teeth. The plaintiff in *Peoples v. Fred's Stores of Tenn., Inc.*, was awarded $85,000 in general damages for cervical injury and left-side pain. 38 So.3d 1209, 1226–27 (La. Ct. App. 3d Cir. 2010). In *Gerald v. Gomez*, 2006 WL 4454051, plaintiff sustained injuries in a collision, including a herniated disc at C-6/C-7, and was awarded $135,500.00 in damages.

In *Rodriguez v. Jefferson Parish Sheriff's Office*, the plaintiff was diagnosed with cervical thoracic, and lumbar spine sprains, a bilateral shoulder strain, and right elbow and left knee contusions. *Rodriguez v. Jefferson Parish Sheriff's Office*, 09-1015 (La. App. 5 Cir. 4/27/10); 40 So.3d 197. Despite not having any surgeries, the plaintiff was awarded general damages in the amount of $80,024. *Id.* Further, in *Martin v. ERMC, II*, the plaintiff was diagnosed with a cervical and lumbar strain possible underlying spinal pathology, associated headaches, possible median neuropathy at the right wrist, a contusion to the right forearm, and spasms in the upper back. *Martin*

*v. ERMC, II*, 2009-491 (La. App. 3 Cir. 11/4/09); 23 So.3d 1008. Despite not having any surgeries, she was awarded $103,000 in general damages. *Id*.

XX.

Here, Plaintiff's medical records show more than $80,000.00 in past medical expenses, along with injuries to Plaintiff's neck and back, including a herniated disc, resulting in pain management procedures including injections, a medial branch block and radiofrequency ablation. Thus, it is readily apparent from Plaintiff's medical records and discovery responses that Plaintiff's damages, if proven, as a matter of law and fact, exceed the sum of $75,000.00.

**REMOVAL IS TIMELY**

XXI.

This Notice of Removal is timely filed within one year of commencement of this suit and within thirty days after receipt of "other paper" first alerting Defendants that this action had become removable, in compliance with 28 U.S.C. § 1446(b), (c). *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69, 117 S. Ct. 467, 473, 136 L. Ed. 2d 437 (1996).

XXII.

Promptly after the filing of this Notice of Removal to the United States District Court for the Middle District of Louisiana a copy of this Notice will be filed with the Clerk of aforesaid state court to effect the removal of this civil action to the United States District Court, Middle District of Louisiana as provided by law.

**WHEREFORE**, premises considered, Defendants, Liberty Mutual Insurance Company and Christopher K. Jones, pray that Docket No. 710520, Division 29, pending in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, be removed to this Court for

trial and determination; and that the defendants have additional and further relief to which they may be entitled.

>Respectfully submitted,
>
>**DUPLASS, ZWAIN, BOURGEOIS,
>PFISTER, WEINSTOCK & BOGART**
>
>s/Peter M. Gahagan
>
>_____
>**CHRISTIAN B. BOGART #22954
>PETER M. GAHAGAN #33137**
>3838 N. Causeway Blvd., Suite 2900
>Metairie, Louisiana 70002
>cbogart@duplass.com
>pgahagan@duplass.com
>Telephone: (504) 832-3700
>Facsimile: (504) 837-3119
>**Counsel for Defendants, Christopher K. Jones
>and Liberty Mutual Insurance Company**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served on all counsel of record by facsimile, electronic mail and/or by United States Mail, properly addressed, postage prepaid on this 23rd day of June, 2022.

>s/Peter M. Gahagan
>_____
>PETER M. GAHAGAN